IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JENNIFER E. WILCOX                                                                              PLAINTIFF

V.                              CASE NO. 4:14-CV-00593-JLH

OZARK HEALTH MEDICAL CENTER, INC.                                            DEFENDANT

### AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information and documents which may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order as stated herein:

1. Any party or person/entity other than a party being asked to produce documents or information considered by that party or person to be confidential may designate it as confidential when such person in good faith believes it contains sensitive personal information, confidential, non-public or other proprietary information.

2. All documents produced under this Order designated as confidential and the information contained therein shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose. Any financial or other sensitive or confidential information may be redacted from documents produced under the terms of this Order.

3. Confidential documents shall be so designated by stamping copies of the documents produced with the legend "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or similar language to identify the documents as being subject to this Order. The designation on the cover of any multi-page documents shall designate all pages of the document as confidential unless otherwise noted.

4. Confidential material pursuant to this Order may be disclosed or made available to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), and, to the "qualified" persons designated below:

    (a) Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    (b) Court reporters employed in this action;

    (c) To a witness at a deposition or other proceeding in this action with the express understanding that any portions of that testimony describing or otherwise addressing Confidential information will be maintained as Confidential as well; and

    (d) Any other person to whom the parties, in writing, agree or as directed by the Court by specific order.

5. The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such

document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order.

6. This Order is entered solely for the purpose of expediting and facilitating the exchange of documents and information between the parties in this action without additional involvement by the Court unnecessarily in this process. Nothing in this Order or the production of any information or document under the terms of this Order or any proceedings pursuant to this Order shall be deemed of the effect of an admission or waiver by either party or of allowing the confidentiality or non-confidentiality of any such document or information or altering any obligation of any party in the absence thereof.

7. A party who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as "CONFIDENTIAL." Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

8. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

9. This Order shall survive the final termination of this action to the extent that the Court does not lift or otherwise limit the application of this Order. Upon termination of this case, counsel in possession of CONFIDENTIAL materials shall ensure their continued confidentiality unless and until those documents are returned to the party providing them or destroyed.

IT IS SO ORDERED this 20th day of July 2015.

_____
U.S. DISTRICT JUDGE J. LEON HOLMES

APPROVED AS TO FORM:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699

By: /s/ Regina A. Young
    Regina A. Young (96161)
    *Attorneys for Defendant*

MCPHERSON LAW FIRM, PLLC
1719 South Broadway
Little Rock, Arkansas 72206

By: /s/ Kyle Mayton
    Kyle Mayton (2011283)
    James McPherson (2011038)

1265166-v1